O'Donoghue v. Jones.

---

JAMES O'DONOGHUE, Plaintiff in Error, *v.* WASH. JONES, Defendant in Error.

*Contract—Fraud—Payment.*—Where a party sells land and takes in payment certificates of stock of an incorporated company, in the absence of any fraud or misrepresentation, he cannot recover for the price of the land because the stock subsequently turns out to be valueless.

*Appeal from Buchanan Common Pleas Court.*

Plaintiff sold to defendant a tract of land and received in payment shares of stock in a land association, regularly incorporated, known as the Central City Land Company. The

stock was taken at its value in the market at the time. There was no charge or evidence of any fraud or misrepresentation made by the defendant as to the value of the stock. Subsequently the stock became worthless.

*Vories & Vbries,* for plaintiff in error.

*Woodson,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The petition in this case does not allege that there was any fraud, misrepresentation, or unfair dealing on the part of the defendant. The answer avers that the plaintiff was equally familiar and conversant with the solvency of the company, and the value of the certificates, with the defendant; that the proposition to purchase and receive the certificates in payment for the purchase money, came from the plaintiff; that there was no attempt made to overreach or circumvent the plaintiff; but that the whole transaction was perfectly fair, and conducted by both parties in good faith.

The evidence fully sustains the statements in the answer. And it further shows that the market value of the stock, at the time the trade was made and the conveyance executed, was from two hundred and fifty to three hundred dollars per share. The assignment, under the circumstances, was no warranty that the certificates possessed or should possess any certain value. There was neither warranty nor representation as to any particular value being affixed to them. They were selling in the market at a certain price; the plaintiff was perfectly aware of the condition of the company that issued them, the price for which they were selling in the market, and proposed selling his property to defendant, and receive them in pay; which proposition was accepted by defendant.

At the time of the sale the market value of the certificates was about equal to the value of the property, but afterwards they became worthless. The plaintiff is in a condition that a great many other men have been placed before him; he

has lost by purchasing the shares of a worthless and irresponsible company ; but we cannot see what claim he has either in the law, equity, or morals, to compel the defendant to pay for his own want of judgment and prudence.

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.